ROBERT M. STITT and Another v. RAT PORTAGE LUMBER COMPANY and Another.[1]

May 29, 1908.

Nos. 15,628—(74).

**New Trial.**

Action to recover the stumpage value of certain logs, in which a counterclaim was made for taxes and moneys advanced by defendants to plaintiffs. *Held*, that the trial court correctly granted a new trial, for the reason that it erred in its instructions to the jury as to the claim for taxes paid by defendant.

Action in the district court for St. Louis county to recover $11,677.-30. The defendants interposed a counterclaim. The case was tried before Dibell, J., and a jury which returned a verdict for defendants for $7,692.86. From an order granting plaintiffs' motion for a new trial, defendants appealed. Affirmed.

[1] Reported in 116 N. W. 643.

*R. R. Briggs,* for appellants.

*H. B. Fryberger,* for respondents.

START, C. J.

This case is the sequel of a former action, determined in the district court of the county of Itasca, between the same parties, for specific performance, in which the plaintiffs claimed that the title to certain timber and lands was taken and held by and in the name of one of the defendants as security for moneys advanced by the defendant corporation to the plaintiffs, upon the agreement that when such advances should be paid, by the delivery of logs to the defendants, the timber and lands should be conveyed to the plaintiffs. The first trial of the action resulted in findings of fact and conclusions of law in favor of the defendants, but a new trial was granted, which resulted in a judgment, on November 6, 1905, in favor of the plaintiffs, to the effect that upon the payment of the sum of $66,752.40 to the defendants the plaintiffs should be the owners of the timber and lands. The decision was affirmed on appeal to this court. 96 Minn. 27, 104 N. W. 561.

Immediately after the result of the first trial was announced, the parties entered into negotiations with reference to a continuance of logging operations in connection with the lands in question pending the litigation. The plaintiffs claim that the final result of the negotiations was the making of a new contract by the parties, by the terms of which defendants agreed that if the plaintiffs would allow the defendants to complete the winter's cut, allow them to use plaintiffs' horses for such purpose, and turn over to them certain vegetables then on hand at the camps, and deliver to them for their use the logging outfit of plaintiffs, the defendants, in the event that the court should finally decide that the title to the timber in litigation was in plaintiffs, would pay to plaintiffs the reasonable value of the stumpage, the vegetables, the use of the logging outfit, and the reasonable value of the use of plaintiffs' teams.

The first cause of action alleged in the complaint in this second action was based upon this alleged new contract. The allegations of the first cause of action were to the effect that the defendants were indebted to the plaintiffs in the aggregate sum of $11,377.30 for the value

of the stumpage, the use of the horses and outfit, and for the vegetables. The second alleged cause of action was a claim for $300 for driving logs and use of driving kit. The answer denied the making of the alleged new contract, and alleged, in effect, that no change was made in the old contract between the parties, except as to the quantity of logs to be delivered by the plaintiffs to the defendants and the price per thousand therefor. The answer set up counterclaims for advances made by the defendants to the plaintiffs in the sum of $13,154.25, and for taxes prior to the year 1905 paid by defendants on the timber lands in the sum of $6,270.50. The reply alleged that the amount of the taxes was included in the sum the plaintiffs were required to pay by the judgment to entitle them to the land.

The trial court, in submitting the case to the jury, instructed them with reference to the defendants' counterclaim as follows: "They [the defendants] also claim that they advanced the plaintiffs for supplies, wages of men, and so forth, something like the sum of $13,154.-25; and they claim that they paid the taxes to the amount of $6,270.-50, making a total of $19,424.75. If you find the contention of the defendants as to the nature of the contract to be true, and also their claim as to the amount of advances and the quantity of logs received, you will deduct from the total advances of $19,424.75 the sum of $8,-415.05, the contract price of the logs received, and the balance, $11,009.-70, will be the amount of your verdict for the defendants, except as it may be changed by interest charges, which you will compute, and which I have not computed. In drawing the balance you should make reference to the interest, if you return a verdict along the lines suggested." The jury returned a verdict for the defendants in the sum of $7,692.86. The plaintiffs made a motion for a new trial, and the court made its order granting a new trial, from which the defendants appealed.

The new trial was granted upon the ground that the instruction as to the allowance of defendants' claim for taxes paid was erroneous. It is clear upon the face of the instruction that it was erroneous, unless the plaintiffs, upon the undisputed evidence, were as a matter of law personally liable to the defendants for taxes paid by them upon the lands. It is not claimed by the defendants that there was any new contract made by the parties whereby the plaintiffs became personally li-

able for the payment of the taxes. If, then, they are so liable in this action, it must be by virtue of the original contract between the parties as found and enforced by the court in the former action, to which we have referred.

It was expressly provided in the original contract, as found by the court, that the defendant corporation should advance to and for the plaintiffs all money necessary to pay taxes that would accrue against the lands until the contract should be completed, but that the total amount of money to be so advanced for all purposes should not exceed the total price that the plaintiffs were to receive for the timber when delivered as logs. While it is clear from this provision of the original contract that all advances, including any sums paid for taxes on the lands, were to be paid by logs delivered at the agreed price, yet if the defendants, in order to protect the title to the lands held in trust for the plaintiffs, paid taxes on the lands in excess of the price of the logs delivered, they would have had the right to an accounting in the former action as to taxes so paid, and to have the amount thereof added to the sum to be paid by the plaintiffs to entitle them to a conveyance of the lands. It does not, however, follow from this concession that the plaintiffs were personally liable for the payment of such taxes. Whether the defendants may now offset in this action any amount paid for taxes against plaintiffs' claim for logs delivered at the price agreed upon we do not decide, for there must be a new trial of the action, and we cannot anticipate what equities the evidence may develop. We are clear that the instruction as given was erroneous, for the reason that the evidence was far from conclusive that the defendants were entitled to offset any amount for taxes in this action, and that a new trial was correctly granted.

Such being the case, we do not consider the alleged errors of the court in its rulings on the admission of evidence which are urged by the plaintiffs.

Order affirmed.